UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| GERALD R. CARROLL, | \* | 4:00CV00864 |
| Plaintiff, | \* | |
| -vs- | \* | ORDER |
| MICHAEL SISCO, KEITH COLEMAN, MICHAEL MCCANN, BRIAN DOLAN, JERRY LEYSHOCK, St. Louis City and County Police Officers and Detectives in their Official and Individual Capacities, CITY OF ST. LOUIS, CITY OF ST. LOUIS POLICE DEPARTMENT, RONNIE HENDERSON, Police Chief, in his Individual and Official Capacities, HARRY HEGGAR Police Captain, in his Individual and Official Capacities, UNIVERSITY CITY POLICE DEPARTMENT, JOHN DOE, Police Chief, in his Individual and Official Capacities, ROBERT FISCHER, Police Captain, ST. LOUIS COUNTY, and JOHN DOE, St. Louis County Police Chief, in his Individual and Official Capacities, | \* | |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## BACKGROUND

Plaintiff is a prisoner at the United States Penitentiary in Terre Haute, Indiana, serving a life sentence for armed robbery. He instituted this action pursuant to 42 U.S.C. §§ 1983 and 1985, seeking damages for alleged constitutional violations in conjunction with his arrest on July 30, 1998. Plaintiff alleges in his amended complaint that the officers effecting his arrest used excessive force, causing him pain, physical injury, and emotional distress. He alleges that as a result of the excessive use of force, those officers coerced him to make incriminating statements.

He alleges that those officers conspired to deprive plaintiff of his constitutional rights by using excessive force, turning in false police reports, and presenting false testimony before the Grand Jury as well as at the hearing on his motion to suppress, and at trial. He contends that defendants were deliberately indifferent to his serious medical needs, that he was subject to an illegal, one-man lineup at the scene of his arrest, that he was subject to police interrogation after he requested to speak to an attorney, that the municipal defendants had a pattern and practice of using excessive force, that the supervisory defendants failed to train, supervise, and control the arresting officers, and that the defendants violated his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United Sates Constitution.

This order addresses the various pending motions filed by each party.

## DECISION

I. **THE PARTIES' DISCOVERY MOTIONS**

As a preliminary observation, I note my previous order in document 121. In this order, I expressed my dissatisfaction with the manner in which the defendants were conducting discovery. More specifically, I said "[i]t is clear to the Court that this matter is being litigated in a fashion unbecoming to the legal profession. This may be tolerated in some localities but it is not tolerated in the District of South Dakota and will not be tolerated in this case. If these practices continue, the Court will *sua sponte* impose substantial sanctions." Although I am not going to impose sanctions, the Court cautions the defendants that its patience is wearing thin.

a. **Motions to Compel**

Plaintiff has filed several motions to compel discovery (Docs. 137, 142, and 148). In these motions, he requests the following discovery items: (1) the names and addresses of persons making complaints against city police officers for excessive force, brutality, or misconduct in the line of duty between the years 1990 through 2000; (2) the document showing plaintiff was "fit for confinement" after being released from medical treatment; (3) the videotape from three local news stations documenting his arrest and show-up; (4) the bank surveillance videotape of the robbery on July 30, 1998; (5) the photographic evidence of the arrest scene taken by officer Steven Patterson; and (6) the photographic evidence of the physical evidence collected at the arrest scene by Officer Barton.

Defendants gave varied responses to the plaintiff's motions to compel. All maintained the requests for police complaints is overly broad and burdensome. Also, the University City defendants claim they have fully responded to plaintiff's discovery requests. Concerning the "fit for confinement" document, the St. Louis City Police defendants responded that they do not posses the document. However, they have provided plaintiff with his intake picture from the day of his arrest. The St. Louis County defendants responded that they have been fully cooperative with the plaintiff in providing him with the evidence regarding his medical records on the day of his arrest. With respect to the requested videotape evidence, the University City defendants state they do not possess these videotapes. The St. Louis City Police defendants contend the videotape evidence had not been requested before by the plaintiff, so that the motion to compel is premature. Finally, concerning the photographic evidence, the St. Louis City Police defendants state that they have provided the plaintiff with the requested material.

Based upon the various responses by the defendants, the requests for discovery items 2, 5, and 6 appear to have been satisfied. If any of the defendants has access or possession of discovery items 3 or 4, the Court will order they provide them to the plaintiff. Finally, the Court finds discovery item 1 is not overly broad and burdensome. How else would the plaintiff be able to demonstrate a pattern and practice of misconduct, if he was not provided this type of evidence? Therefore, each defendant must provide the plaintiff with the names and addresses of persons making complaints against city police officers for excessive force, brutality, or misconduct in the line of duty between the years 1990 through 2000.

As a final item, defendants St. Louis County sent interrogatories to the plaintiff and the plaintiff agreed to answer them in a timely fashion. The Court orders plaintiff to answer these interrogatories within 30 business days.

b.  **Motions for a Rule 16 Scheduling Order**

The University City defendants filed a motion for a Rule 16 scheduling order (Doc. 134). Their motion requests the Court's assistance in setting out a time frame and scope for discovery and pre-trial motions. Plaintiff and the other defendants join the University City defendants in this request.

3

The Court has propounded several local rules relating to case management and discovery. The rules relevant to this motion are 5.03 and 3.04(A). E.D.Mo. L.R. 5.03 provides, *inter alia*:

> Rule 16 scheduling conferences may be held at the judge's discretion . . . The Court will inform counsel of their obligation to participate in a conference by issuing an Order Setting Rule 16 Scheduling Conference.

E.D.Mo. L.R. 3.04(A) provides, *inter alia*:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

Having said this, the defendants' motions do not state that the parties have conferred and that they are unable to reach an accord. Granted, communication is more difficult when the plaintiff is a prisoner and is proceeding pro se. Nevertheless, the parties should confer and attempt to resolve any outstanding issues and propose a timetable to the Court. Accordingly, this motion should be denied.

2. **MOTION TO DISMISS THE CITY OF ST. LOUIS AS A PARTY**

Defendant City of St. Louis has filed a motion to dismiss it as a party (Doc. 145). For the purposes of a motion to dismiss, the Court takes all facts alleged in the complaint or amended complaint as true. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). Further, the Court must construe the allegations in the complaint and reasonable inferences arising from the complaint favorably to the plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Concerning this motion to dismiss, plaintiff failed to respond to the defendants' motion. Local rule 4.01(B) requires each party opposing a motion to file within five days a brief statement of opposition. E.D.Mo. L.R. 4.01(B). In Johnson v. Boyd-Richardson Co. the Court aptly noted,

> [f]ailure to comply with such a rule, however, cannot be, standing alone, a ground sufficient to extinguish a claim on its merits. Rather, the District Court, after the passage of the period of time prescribed by local rule, is free to consider the merits of the pending motion without waiting any longer for the other party to furnish citations or other reasons for denying it. It remains the court's duty to inquire into the merits of the motion and to grant or deny it, as the case may be, in accordance with law and the relevant facts. In a civilized system of justice, the norm should be to decide claims on their merits, and the mere inaction of a party or his lawyer should not result in the loss of a hypothetically meritorious claim, except in those limited instances where clear notice is given in advance that a certain procedural default will or might result in loss of a claim or defense. 650 F.2d 147, 149-150 (8th Cir. 1981).

Hence, the Court will independently address the merits of the defendant's motion, irrespective of plaintiff's failure to respond.

Defendant's motion is premised on the claim that the City of St. Louis does not direct or operate the city's police department. The claim is that the Board of Police Commissioners does. Defendant cites a number of federal and state cases for this proposition. *See* Otten v. Schicker, 492 F.Supp. 455, 456 (E.D. Mo 1980); Crigler v. City of St. Louis, 767 F.Supp. 197, 200 (E.D. Mo 1991); Wayman Smith v. State of Missouri, 152 S.W.3d 275, 278 (Mo. 2005); State ex rel Sayad v. Zych, 642 S.W.2d 907, 910 (Mo. 1982); Best v. Schoemehl, 652 S.W.2d 740, 742 (Mo.App. 1987). Therefore, the city contends, since the City of Saint Louis does not operate its police force, plaintiff's allegations have no relationship to the city, and the city should be dismissed as a defendant.

Defendant's proposition and its reliance on these case is misplaced. Municipalities may be sued under § 1983 for constitutional violations due to governmental "custom," even if such custom "has not received formal approval through the body's official decisionmaking channels." Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A "custom or usage" is demonstrated by showing (1) the existence of a "continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees"; (2) the governmental entity's deliberate indifference to or tacit authorization of misconduct after receiving notice thereof; and (3) the custom was the moving force behind the constitutional violation. Kuha v. City of Minnetoka, 365 F.3d 590, 604 (8th Cir. 2003). While the City of Saint Louis has no legal authority to direct or operate the Police Board and the two are

independent legal entities, the two entities may still act jointly to deprive an individual of constitutional rights pursuant to a custom, as alleged in the complaint. Johnson v. Board of Police Com'rs, 370 F.Supp.2d 892, 902 (E.D.Mo. 2005). So, the fact there is no "legal tie" between the city and the police board is of no consequence. See Id. The question is whether they acted together by custom to deprive the plaintiff of his constitutional rights.

Here, plaintiff alleges that the City of Saint Louis and the Police Board have tolerated and encouraged a pattern and practice of excessive police force against the citizenry. Further, the complaint alleges that this policy, custom, and practice was casually linked to the unconstitutional conduct by the police force. Taking the allegations as true, as I am required to do by the standard of review, the complaint is sufficient to state a claim against the city. Accordingly, this motion should be denied.

### 3.  PLAINTIFF'S MOTION TO CERTIFY AS A CLASS ACTION

Plaintiff has filed two motions to certify this matter as a class action (Docs. 141 and 149) pursuant to Fed. R. Civ. P. 23. Rule 23(a) establishes threshold requirements for a party seeking to sue on behalf of a class. Federal Rule Civil Procedure 23(a) permits class certification where:

> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); Alpern v. UtiliCorp United, Inc., 84 F.3d 1525, 1539 (8th Cir. 1996). The four prerequisites for class certification can be referred to as (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Paxton v. Union National Bank, 688 F.2d 552, 559 (8th Cir. 1982). "An action may be maintained as a class action only if all four prerequisites of Rule 23(a) are satisfied and, in addition, one of the three subsections of Rule 23(b) is met." Pickett v. IBP, 197 F.R.D. 510, 513 (M.D. AL 2000). "The burden is on the party who seeks to certify a class to show that the prerequisites of Rule 23 are established." Id.

####    a.   Numerosity.

Rule 23(a) requires that the class be "so numerous that joinder of all members is impracticable." In addition to the size of the class, I may take into account "the nature of the

action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members." Paxton, 688 F.2d 559-560.

Plaintiff's evidence for satisfying the numerosity element is the identification of twenty three putative class members, "who have suffered civil rights violations in one degree or another." Included with the identification of each class member is a brief description of the purported civil rights violation against the various Metropolitan St. Louis Police Departments.

The requested class, on its face, is neither large nor unmanageable. Also, plaintiff does not submit any additional evidence about why joinder would be impracticable, other than just stating it is so. More is required to satisfy the numerosity requirement. Thus, the numerosity element is not adequately supported by the information presented by the plaintiff.

### b. Commonality.

While Rule 23(a) requires "questions of law or fact common to the class," it "does not require that every question of law or fact be common to every member of the class." Paxton, 688 F.2d at 561. Commonality may be satisfied "where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated." Paxton, 699 F.2d at 561 (*quoting* American Finance Sys., Inc. v. Harlow, 65 F.R.D. 94, 107 (D.Md. 1974)). *Accord*, Christina A. ex rel. Jennifer A. v. Bloomberg, 197 F.R.D. 664, 667 (D.S.D. 2000).

Questions of law or fact are not common to the proposed class. The plaintiff himself states "this is a complex case because it contains several different legal claims with each claim involving a different defendant." From the information provided by the plaintiff, it is not altogether clear what, if any, common nucleus of law or fact binds the class. The Court will not engage in speculation. Thus, the commonality element has not been satisfied.

### c. Typicality.

The Eighth Circuit holds that the typicality requirement of Rule 23(a)(3) "requires a demonstration that there are other members of the class who have the same or similar grievances as the plaintiff.'" Tate v. Weyerhaeuser Co., 723 F.2d 958, 608 (8th Cir. 1983) (*quoting* Donaldson v. Pillsbury Co., 554 F.2d 825, 830 (8th Cir. 1977)); Alpern, 84 F.3d at 1540. "The

7

burden of demonstrating typicality is fairly easily met so long as other class members have claims similar to the named plaintiff." DeBoer v. Mellon Mortg. Co., 64 F.3d 1171, 1174 (8th Cir. 1995). "Factual variations in the individual claims will not normally preclude class certification if the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory." Alpern, 84 F.3d at 1540; Christina A. ex rel. Jennifer A., 197 F.R.D. at 668.

The claims made by the plaintiff are not typical of the requested class. First, plaintiff contends that he was subject to an illegal, one-man lineup at the scene of his arrest, that he was subject to police interrogation after he requested to speak to an attorney, that the supervisory defendants failed to train, supervise, and control the arresting officers, and that the defendants violated his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United Sates Constitution. Second, plaintiff alleges that those officers conspired to deprive plaintiff of his constitutional rights by presenting false testimony before the grand jury as well as at the hearing on his motion to suppress, and at trial. Plaintiff fails to demonstrate that any of the prospective class members share these claims. Thus, the typicality element has not been satisfied.

### d. Adequacy of Representation.

"The adequate representation inquiry involves questions of whether the plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation." Pickett v. IBP, 197 F.R.D. at 514. The matter of adequate representation also involves questions whether the plaintiffs are proper class representatives. This court must "evaluate carefully the legitimacy of [a] named plaintiff's plea that he is a proper class representative under Rule 23(a)." In re Milk Products Antitrust Litigation, 195 F.3d 430, 436 (8th Cir. 1999) (*quoting* General Tel. Co. v. Falcon, 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). The class representative must have "a sufficient incentive to represent class members" and a desire to "vigorously pursue" the interests of the class. Id. at 437.

Plaintiff is a prisoner in a federal penitentiary and is acting pro se. His motion states that he "will fairly and adequately protect the interest of the class." While the plaintiff may have a sufficient incentive to represent class members and a desire to vigorously pursue the interests of the class, he has not demonstrated that he is qualified to conduct the litigation on behalf of the

class members. Further, incarceration is a difficult environment in which to conduct litigation, given the limited amount freedom inmates enjoy. Thus, the adequacy of representation element has not been satisfied.

To summarize, the four threshold requirements for class certification are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. The party who seeks to certify a class carries the burden of showing that the prerequisites of Rule 23 are established. Here, plaintiff failed to satisfy any part of his burden. Accordingly, plaintiff's motion should be denied.

### 4. MOTIONS TO WITHDRAW AS ATTORNEY

Patricia Hageman and Thomas Goeddel each filed motions to withdraw (Docs. 144 and 158) as counsel for the St. Louis City and County Police defendants. Those defendants have not filed an objection to either motion and have obtained the services of another attorney. Accordingly, these motions should be granted.

Based upon the foregoing,

IT IS ORDERED:

(1) Plaintiff's motions to compel (Docs. 137, 142, and 148) are granted. Defendants shall provide the plaintiff within 30 business days the names and addresses of persons making complaints against city police officers for excessive force, brutality, or misconduct in the line of duty between the years 1990 through 2000. If any of the defendants have or have access to the videotape from three local news stations documenting plaintiff's arrest and show-up or the bank surveillance videotape of the robbery on July 30, 1998, they shall provide them to the plaintiff within 30 business days.

(2) Plaintiff shall respond to defendant St. Louis County's interrogatories within 30 business days.

(3) Defendant University City's motion for discovery Rule 16 scheduling order (Doc. 134) is denied.

(4) Defendant City of St. Louis motion to dismiss it as a party (Doc. 145) is denied.

(5) Plaintiff's motions to certify this matter as a class action (Docs. 141 and 149) are denied.

(6) Patricia Hageman and Thomas Goeddel motions to withdraw (Docs. 144 and 158) as counsel for the St. Louis City and County Police defendants are granted.

Dated this 23rd day of January, 2007

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY:_____
                    DEPUTY
(SEAL)