UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD R. CARROLL,<br>Plaintiff, | : | |
| | : | Cause Number |
| vs. | : | 4:00-CV-864-RWS |
| | : | JURY TRIAL DEMANDED |
| City of St.Louis Missouri<br>City of St. Louis Police department<br>Police Chief Ronnie Henderson<br>Police Captain Harry Hegger<br>Police Officers<br>Brian Dolin<br>Charles Johnson<br>Jerry LeySchock<br>St. Louis County<br>St. Louis County Police Department<br>Police Chief Ronald Battelle<br>Police Officers<br>Michael Sisco<br>Michael McCann<br>Keith Coleman<br>University City<br>University City police Department<br>Police Captain Robert fischer<br>Police Officers<br>Dorothy Dunn<br>Laurel Allen<br>George Haftarczyk<br>Defendants | : | |

I.

**PRELIMINARY STATEMENT**

This is a Civil Rights complaint (action) filed by Gerald R. Carroll, a Federal Prisoner, for damages under 42 U.S.C. §1983 alleging excessive use of force, police brutality, denial of the right against self incrimination, and the right to remain silent, denial of proper medical treatment, and the denial of the right to counsel. In violation of the 4th, 5th, 6th, 8th, and 14th, Amendments to the United States Constitution. Plaintiff also alleges the torts of assault and battery, and deliberate indifference, in violation of the 14th Amendment...Under Color of State Law.

## II.
## JURISDICTION

1. This Court has jurisdiction over plaitiff's claims of violation of federal Constitutional Rights, under 28 U.S.C. §1331 and §1343.

2. This Court has supplemental jurisdiction over plaintiff's State Law Tort claims under 28 U.S.C. §1367.

## III.
## PLAINTIFF

3. The plaintiff, Gerald R. Carroll, was a free man in the City of St. Louis, Missouri, on July 30, 1998 A.D., and during the events described in this complaint. Plaintiff who is currently being held in the custody of the United States Marshall, at the United States Penitentiary, in Terre Haute, Indiana. (U.S.P. Terre Haute)

## IV.
## DEFENDANTS

4. Defendants Brian Dolin, Charles Johnson, and Jerry Leyshock are detectives of the City of St. Louis, Missouri. They are sued in their Official and Individual capacities.

5. Defendants Michael Sisco, Michael McCann, Keith Coleman, are police officers of the St. Louis County, working in conjunction with and along-side the University City police in the "second precinct" in the territorial jurisdiction of St.Louis County and University City, police departments. Defendants Dorothy Dunn, Laurel Allen, and George Haftarczyk, are police officers of University City, all these officers are sued in their Official and Individual capacities.

6. Defendants Captain Harry Hegger, Captain Robert Fischer were on duty commanders of the scene at the time of plaintiff's arrest, and are sued in their Official and Individual capacities.

7. Defendants Police Chiefs Ronnie Henderson of St. Louis and Police Chief John Doe of University City, and the police Chief of St. Louis County, are sued in their Official and Individual capacity.

8. Defendants City of St. Louis, University City, and St. Louis County, and the Police department of each municipality are sued in their Official capacity.

## V.
## FACTS

9. On July 30, 1998 around 10:00 or 10:10 a.m., in the City of St. Louis, Missouri, plaintiff was sitting in a basement stairwell when he was approached by four armed police officers with guns drawn and pointed at him.

10. Plaintiff was ordered to "come out with your hands up," which plaintiff immediately did.

11. Plaintiff raised both hands up in the air, in clear view, out of fear for his safety.

12. One of the officers came down the steps and cuffed both of plaintiff's hands and started grabbing and pulling plaintiff toward the steps, this was done by officer Michael Sisco.

13. Plaintiff was then sprayed with pepper mace, in the face and eyes, by officer Michael McCann.

14. Plaintiff was then punched squarely in the face and choked and beaten. Hit repeatedly, in the face and chest area, by several police officers, while at gun point.

15. One of the officers yelled, "Nigger where is the gun? Nigger where is the gun?

16. Plaintiff said, "in the alley, in the alley."

17. Plaintiff was then drugged-up the stairs and carried through a gangway and thrown into the police wagon.

18. Plaintiff heard one of the officers say, "what can we do?" Then another officer said, "We have to say he resisted arrest."

19. During this event plaintiff was never told why he was being arrested or what he was suspected of doing.

20. Plaintiff assumed he was being arrested on drug charges because he was and had been selling drugs earlier that day.

(a). The four officers affecting this arrest were later identified as Michael Sisco, Michael McCann, Brian Dolin, and Charles Johnson. Plaintiff could not see the officers who attacked him because of the pepper spray in his eyes was burning.

## VI.
### EXCESSIVE FORCE

21. When Plaintiff was ordered at gun point to put his hands in the air and come out.

22. Plaintiff immediately raised "both hands" and stood up.

23. One officer grabbed plaintiff's hands and cuffed them, without explaination. This was Michael Sisco.

24. Plaintiff was immediately sprayed with pepper mace directly in the eyes, while being pulled and was placed in a choke hold around the neck, by officer Michael McCann.

25. Plaintiff was punched in the face repeatedly until he said what the police officers wanted to hear.

26. Defandant Charles Johnson and Brian Dolan never intervened to prevent these blows or stop this assault upon plaintiff. They either helped in the assault, or stood and watched.

27. During this assault plaintiff was hit squarely in the nose repeatedly, breaking it. Plaintiff also, suffered lascerations to his face, neck and chest area.

28. Plaintiff was in extreme pain from the brutal beating and pepper mace spray, which was caused by the intentional infliction of excessive force and emotional distress on the plaintiff.

29. It was at the height of the assault that the officers extracted the incriminating statement, the physical and psychological coercive actions of these police officers was in violation of plaintiff's due process rights, to remain silent, and not be subjected to forced self incrimination, with physical pain, emotional stress and mental anguish, which induced in the plaintiff a sense of hopelessness.

## VII.
### THE CONSPIRACY

30. Officers Michael Sisco, Michael McCann, Keith Coleman and Brian Dolan, and Charles Johnson all conspired to deprive defendant of his right to be free from use of excessive force and the right to due process of law.

31. The arresting officers each engaged in a systematic attempt to cover-up the unlawful actions of each other that was used to effect the arrest and seizure of plaintiff.

32. these officers collectively turned in false police reports that inaccurately reflect the facts of plaintiff's arrest and the events that occurred on July 30, 1998 A.D. at or about 10:00 a.m., by stating plaintiff resisted arrest, tried to flee or escape custody and assaulted at least one officer.

33. Officers Michael Sisco, and Keith Coleman testified under oath before the Grand Jury and during plaintiff trial on April 6, 1999 A.D. Sisco and Coleman did willfully and intentionally present false and inaccurate information to secure an indictment against plaintiff. Also, these same officers presented false and inaccurate testimony to the court during plaintiff trial in April 1999.

34. Officer Charles Johnson testified at plaintiff Motion Hearing to supress evidence on September 18th, 1998 A.D. and his testimony was willfully and intentionally false and did deny plaintiff a fair and impartial hearing.

35. Officers Dolin, Sisco, Coleman, and McCann, knew and were aware that officer Johnson's testimony was untrue, and that they therefore conspired to allow and present false testimony to the Court based on their false police reports.

36. Officers Dolin, and Johnson, and McCann, knew and were aware that Sisco and Coleman would present testimony that was untrue and that they therefore conspired to allow and present false testimony to the court, based on their false police reports.

37. Officers Michael Sisco, Michael McCann, Keith Coleman, and Brian Dolin, and Charles Johnson, all agreed and conspired to present testimony to the Court that plaintiff resised arrest, tried to flee and escape custody, and assualted at least one officer, which they knew to be false and untrue. These officers conspired to deny plaintiff due process of law.

## VIII.
### DENIAL OF MEDICAL CARE

38. After plaintiff was seized and taken into custody he was thrown into a police wagon and held for detention. The officers on the scene knew plaintiff was in severe physical pain and mental shock.

39. The officers on the scene knew or should have known plaintiff required medical treatment and plaintiff had serious medical needs.

41. Plaintiff was in severe pain from the brutal assualt of the police officers. Plaintiff's eyes had swollen shut from the broken nose and pepper spray. Plaintiff laid on the wagon floor for over (40) forty minutes waiting on an ambulance.

42. During this time or sometime later plaintiff was placed in a one man show-up, and paraded before some witnesses to ascertain whether plaintiff could be identified as the person suspected of committing the robbery. This show-up lasted 20-30 minutes and was conducted in total disregard and deliberate indifference to plaintiff medical needs, by University City Police Officers Dorothy Dunn, Laurel Allen, and George Haftarczyk, these officers are responsible for transporting witnesses from the bank in University City to the illegal show-up in Wellston. Plaintiff was not identified by any witness as a suspect for the crime under investigation.

43. Some time before or during this show-up an ambulance came take plaintiff to a hospital to recieve proper medical treatment. The ambulance was turned away and medical treatment was denied plaintiff again, in total disregard and deliberate indifference to plaintiff medical needs, and constitutional rights.

44. Officer Jerry Leyshock, Supervisor of detectives, and Officer Robert Fischer, the Captain on duty, and Commander from University City, Officer Harry Hegger, Captain and 7th District Commander, on the scene of the arrest, knew or should have known plaintiff was in need of serious medical treatment.

45. Officers Jerry Leyshock, Robert Fischer, and Harry Hegger, knew or should have known an ambulance came to the scene to take plaintiff to the hospital.

46. Officers Jerry Leyshock, Robert Fischer, and Harry Hegger, knew or should have known plaintiff was denied proper medical treatment, because the ambulance was turned away. Ambulance No. 823 (EMT'S) Brad Williams #5967, and Jeff Rehm #8608.

47. Officers Jerry Leyshock, Robert Fischer, Harry Hegger, knew or should have known plaintiff was placed in an illegal one man show-up as a robbery suspect when he should have been taken to a hospital for proper medical treatment.

48. At the present time plaintiff suffers from poor vision in his left eye and wears prescription glasses.

49. There is a constant throbbing or jumping in this left eye as a result of tissue damage and lack of proper medical treatment.

50. It was stated by the arresting officers Michael Sisco, Keith Coleman, Michael McCann, Brian Dolin, and Charles Johnson, that plaintiff refused medical treatment in each of their police reports. This statement was and is maliciously and intentionally false and untrue. This false statement further reveals the officers intent to cause harm and deny the plaintiff due process of law.

51. After the illegal show-up plaintiff was transported to Normandy Medical Center between 11:30 or 12:00 o'clock a.m., located on Natural Bridge Road in North County, St. Louis, Missouri. Plaintiff was treated for a broken nose, pepper mace spray, and cuts and bruises on his neck, chest, and face area. Plaintiff eyes were flushed with water for 10-15 minutes.

52. Once plaintiff was able to open his eyes and see, he was taken to a police station, here plaintiff learned he was being charged as a suspect in a bank robbery.

(a) Pliantiff asked to have an attorney and to make a phone call to his mother, or his wife, and to call a lawyer. No call was provided.

53. Plaintiff was later questioned and interrogated by F.B.I., agent Michael Vick and detective Charles Johnson concerning participation and participants of a bank robbery. Plaintiff informed these officers he did not commit any robbery and that he had been in the area since early morning and ran when he heard police sirens, in the area because he had been selling drugs in the neighborhood.

54. Plaintiff told the officers that he did not have a weapon, and that he does not carry a gun.

55. Defendant Michael Vick asked plaintiff if he told police officers he threw down a gun in the alley? Plaintiff explained he was referring to drugs, not a gun.

56. Plaintiff again requested an attorney, before answering any more questions.

57. Plaintiff was not allowed to make a phone call or talk to an attorney, but was continually questioned about the bank robbery and his whereabouts since early morning.

58. Plaintiff was again questioned by two St. Louis police detectives, one Jane Doe and John Doe, both African-Americans, concerning who committed the robbery and where is the driver of the car. Plaintiff refused to answer any more questions until he had a lawyer, present. Plaintiff was denied counsel, and denied a phone call, but was continually questioned by these police officers.

59. Plaintiff was charged and prosecuted for armed bank robbery, and transported to the St. Louis, City Jail. Petitioner was not allowed to make any phone calls to his mother, his wife, or to contact an attorney.

## IX.
### MUNICIPAL LIABILITY

60. The City of St. Louis, and the St. Louis Police Department, and the St. Louis Police Chief Ronnie Henderson. The University City, the University City Police department and the Police Chief, the St. Louis County, the St. Louis County police department, the St. Louis County police Chief,

have all tolerated and therefore encouraged, a pattern and practice of excessive police force, in the City of St. Louis, St. Louis County and the Metropolitan area of greater St. Louis.

61. Prior to July 30, 1998 A.D. the Municipal defendants herein named, including all three municipalities and their police departments, and their police Chief, have each permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable and illegal use of force in that:

A. Municipal defendants failed to discipline or prosecute or in any manner deal with known incidents of abuse of police powers and improper use of force by officers.

B. Municipal defendants refused to investigate complaints of previous incidents of abuse of police power and improper use of force by police officers and, instead officially claimed that such incidents were justified and proper and:

C. By means of both inaction and cover-up of such abuse of police powers and excessive force by officers, municipal defendants encouraged police officers, including officers Sisco, McCann, Dolin, and Coleman and Johnson, to believe that such conduct and abuse of police powers and improper use of force was permissiable.

62. Municipal defendants have maintained either no system or an inadequate system of review of the use of force by police officers which system has failed to identify instances of improper use of force or to discipline or closely supervise or retrain police officers who improperly use force. Upon information and belief, the system deficiencies include but are not limited to:

-11-

A. Preparation of investigative reports designed to vindicate the use of force regardless of whether such action was justified;

B. Preparation of investigative reports which uncritically rely solely on the word of police officers involved in the incidents and which systematically fail to credit testimony by non-police officer witnessess;

C. Preparation of investigative reports which omit factual information and physical evidence which contradict accounts of the police officers involved;

D. Issuance of public statements exonerating officers involved in such incidents prior to the conclusion of the investigation;

E. Failure to review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradicts such evidence.

63. On inforamtion and belief, Municipal defendants also maintained a system of grossly inadequate training pertaining to the law of permissiable use of force.

A. The City of St.Louis, and St. Louis County, and University City, their police captains, and police chiefs, have all systematically white washed evidence of police brutality, and use of excessive force, and conveyed to police officers the notion that the type of maltreatment and excessive force used on plaintiff is within the Constitutional bounds.

B. There is a casual link between the policy, customs and practice of these Municipalities and the actions of the officers on the street to generally disregard the rights of people whom they come in contact with.

C. Also, the Municipalities failure to train the officers as to the proper use of force not only deprived this plaintiff of his Constitutional Rights, but also, those with whom the officers interact.

## X.
## STATEMENT OF CLAIMS

64. Plaintiff alleges and states that as a result of the occurrences of the above described events the defendants violated his Civil Rights as set forth in the following counts:

## COUNT I

1983 Claim for excessive use of force and police brutality, Michael Sisco, Keith Coleman, Brian Dolan, Charles Johnson and Michael McCann, did willfully and intentionally without provocation or need, as set out in paragraph 21 through 29, while acting under color of State Law did unlawfully and maliciously seize plaintiff in order to affect an arrest...and ultimately caused plaintiff to be falsely arrested, indicted, detained, and prosecuted and imprisoned in violation of plaintiff's rights under the 4th, 5th, 6th, 8th, and 14th Amendments to the Constitution of the United States.

## COUNT II

1983 claims for conspiracy and vicarious liability, for violating said constitutional rights, and conspiring to conceal and cover-up the violation. Michael Sisco, Michael McCann, Keith Coleman, Brian Dolan, and Charles Johnson, did intentionally and willfully while acting under color of State Law, conspired together, with each other, and others known and unknown, directly and indirectly, through their actions and inactions, as set out in paragraphs 30 through 37, to deprive plaintiff of his constitutional rights against unreasonable seizure, detention, prosecution, and imprisonment in violation of plaintiffs constitutional rights under the 4th, 5th, 6th, 8th, and 14th, Amendments to the United States Constitution...

## COUNT III

1983 claim of deliberate indifference to serious medical needs. Robert fischer, Harry Hegger, Jerry Leyschock, Michael Sisco, Michael McCann, Brian Dolin, Keith coleman, Charles Johnson, Dorothy Dunn, Laurel Allen, and George Haftarczyk, knew or should have known, that plaintiff was in serious need of medical treatment, see: paragraphs 38 through 48, these officers while acting under Color of State Law did violate plaintiff's 5th, 8th, and 14th, Amendment rights to the United states Constitution, and the Missouri State constitution, by denying plaintiff proper medical treatment.

## COUNT IV

1983 Policy practice and Custom claim. The above described actions detailed in paragraphs 60 through 63, the Police Chief Ronnie Henderson and John Doe 1, and John Doe 2, have fostered the policy and custom of officers under their supervision to believe

14.

excessive force is an acceptable practice while dealing and coming into contact with the common citizenry of the Municipality and has led to a custom and practice of deliberate indifference to plaintiff protected rights under the 4th, 5th, 6th, 8th, 9th, and 14th, Amendments to the State Constitution and the Constitution of the United states.

## COUNT V

1983 Supervisor Liability Claim. As a result of the events described in paragraphs 60 through 63, the Police Chief Ronnie Henderson, and John Doe 1, and John Doe 2, are liable because of their deliberate indifference in failing to train, supervise and control the actions of their subordinates and particularly because of the acquienscence in response to their subordinates failure to adhere to established rules, regulations, policies and procedures in instituting criminal procedures, and their actions or inactions has caused a violation of plaintiffs constitutional rights under the 4th, 5th, 6th, 8th, and 14th, Amendments to the constitution of the State of Missouri and the United states of America.

## COUNT VI

1983 Municipal Liability claim. The City of St. Louis, and St. Louis County, and University City as stated in paragraphs 60 through 63, have allowed their actions or inactions to foster a policy or custom of mistreatment and excessive force, upon it's citizenry. And the Municipal policy has caused plaintiff to suffer.

The constant and continued acts of violence and excessive force have been ratified and accepted through the City of St. Louis and St. Louis County and University City, thru their failure to act, to investigate and correct, these abuses. Plaintiff has suffered a violation of his 4th, 5th, 6th, 8th, 9th, and 14th, Amendment rights to the Constitution of the United States.

## COUNT VII

1985(3) Depriving person of Rights and Privileges. Plaintiff further alleges that he is a member of a specific class of persons (African American Males) who have been invidiously and maliciously targeted by police officers and discriminated against in violation of equal protection of the laws, in a common rush of resisting arrest cases. In the Metropolitan area of St. Louis, Missouri. And the acts of these officers in effecting arrest of African-Americans have caused a disproportionate number of deaths and beatings, in excessive force and police brutality cases. And has caused plaintiff to suffer in violation of due process and equal protection of the 14th, Amendment to the United States Constitution.

## XI.
### RELIEF REQUESTED

The Plaintiff hereby request compensatory damage in the amount of 25 million dollars.

The Plaintiff hereby request punitive damages in the amount of 25 million dollars.

1. Enter a judgement for the plaintiff pursuant to 42 U.S.C. §1331 and 1343.

2. Awarding (the plaintiff) damages against defendants to compensate for the physical and emotional injuries sustained as a result of the plaintiff's beating and chemical pepper mace spray.

3. Awarding damages against the defendants to compensate for the physical and emotional pain and suffering experienced by the pliantiff as a result of not recieving proper medical treatment. And for the police officers deliberate indifference in allowing the ambulance to be turned away, in disregard of serious medical needs.

4. Awarding the plaintiff damages for the Municipalities failure to correct the abuse of the citizenry of the State of Missouri. and adopting a policy and custom of abuse in disregard and deliberate indifference to pliantiff's Constitutional Rights.

5. Awarding punitive damages against the Chief of Police of St. Louis City, and St. louis County, and University City, for ratifying a policy or custom of indifference which is deliberate toward the citizens of the Municipalities in general, and the plaintiff in particular.

6. Awarding punitive damages against the defendants Michael Sisco, Keith Coleman, Brian Dolin, Michael McCann, and Charles Johnson, for the use of excessive force, and conspiracy to deprive plaintiff of due process of law, and deliberate indifference.

7. Awarding punitive damages against Jerry Leyschock, Robert Fischer, Harry Hegger, Michael Sisco, Michael McCann, Keith Coleman, Brian Dolin, Charles Johnson, Dorthy Dunn, Laurel Allen, and George Haftarczyk, for failure to promptly provide proper medical treatment and deliberate indifference to plaintiff serious medical needs.

I, Gerald R. Carroll, hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief, signed this day March 29th, 2007 A.D.   Pursuant to 28 U.S.C. §1746.

*Gerald R. Carroll* (signed)
Gerald R. Carroll


Reg. No. #21533-044
P.O. Box-12015
U.S.Penitentiary
Terre Haute, Indiana
          47801

18.