UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

*******************************************************************************

| | | |
|---|---|---|
| GERALD R. CARROLL, | * | 4:00CV00864 |
| Plaintiff, | * | |
| | * | ORDER |
| -vs- | * | |
| MICHAEL SISCO, KEITH COLEMAN, MICHAEL MCCANN, BRIAN DOLAN, JERRY LEYSHOCK, St. Louis City and County Police Officers and Detectives in their Official and Individual Capacities, CITY OF ST. LOUIS, CITY OF ST. LOUIS POLICE DEPARTMENT, RONNIE HENDERSON, Police Chief, in his Individual and Official Capacities, HARRY HEGGAR Police Captain, in his Individual and Official Capacities, UNIVERSITY CITY POLICE DEPARTMENT, JOHN DOE, Police Chief, in his Individual and Official Capacities, ROBERT FISCHER, Police Captain, ST. LOUIS COUNTY, and JOHN DOE, St. Louis County Police Chief, in his Individual and Official Capacities, | * | |
| Defendants. | * | |

*******************************************************************************

## BACKGROUND

Plaintiff is a prisoner at the United States Penitentiary in Terre Haute, Indiana, serving a life sentence for armed robbery. He instituted this action pursuant to 42 U.S.C. §§ 1983 and 1985, seeking damages for alleged constitutional violations in conjunction with his arrest on July 30, 1998. Plaintiff alleges in his amended complaint that the officers effecting his arrest used excessive force, causing him pain, physical injury, and emotional distress. He alleges that as a result of the excessive use of force, those officers coerced him to make incriminating statements.

He alleges that those officers conspired to deprive plaintiff of his constitutional rights by using excessive force, turning in false police reports, and presenting false testimony before the Grand Jury as well as at the hearing on his motion to suppress, and at trial. He contends that defendants were deliberately indifferent to his serious medical needs, that he was subject to an illegal, one-man lineup at the scene of his arrest, that he was subject to police interrogation after he requested to speak to an attorney, that the municipal defendants had a pattern and practice of using excessive force, that the supervisory defendants failed to train, supervise, and control the arresting officers, and that the defendants violated his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United Sates Constitution.

This order addresses the various pending motions filed by each party.

## DECISION

### 1. MOTION TO RECONSIDER ON THE MERITS

Plaintiff filed several motions to compel discovery. In these motions, he requested, among other things, the names and addresses of persons making complaints against city police officers for excessive force, brutality, or misconduct in the line of duty between the years 1990 through 2000. Defendants principal argument against plaintiff's motion to compel was that plaintiff's discovery request was overly broad and burdensome. The Court granted plaintiff's motions to compel and ordered (Doc. 160) defendants to provide this information to plaintiff within 30 business days. Defendants City of St. Louis Police Department, Brian Dolan, Charles Johnson, Jerry Leyshock, Harry Heggar and Ronald Henderson have filed a motion requesting (Doc. 162) the court to reconsider this order because the discovery request is overly broad and burdensome.

In addition to denying the motion on the merits, the Court will deny what amounts to a motion to reconsider because it is procedurally improper. The Federal Rules of Civil Procedure do not allow a "motion to reconsider." *See* Humphrey v. Roche Biomedical Laboratories, Inc., 990 F.2d 1078, 1081 (8th Cir. 1993), and In re Trout, 984 F.2d 977, 978 (8th Cir. 1993) (warning counsel that the Federal Rules of Civil Procedure do not provide for a motion for reconsideration and directing counsel to properly designate a motion under the rule authorizing the motion). The process of seeking reconsideration could be transformed into an endless

chain of motions, filing a motion to reconsider the denial of the motion to reconsider, *ad infinitum*. As now Chief Judge Loken observed in his opinion in Wilkins v. Hartford Life and Accident Insur. Co., 299 F.3d 945, 948 (8th Cir. 2002): "Such motions (to reconsider) are frequently a futile waste of time for both the parties and the trial court." *See also* Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999) (Rule 60(b) motion is not for purpose of rearguing, somewhat more fully, merits of claim). Accordingly, this motion should be denied because it essentially reargues the merits of the claim and it is procedurally improper.

2. **MOTION TO RECONSIDER DUE TO A CLERICAL ERROR**

Attorneys Thomas J. Goeddel and Patricia A. Hageman have filed a motion to reconsider (Doc. 164). Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. Fed. R. Civ. P. 60(a). Mr. Goeddel and Ms. Hageman originally requested leave of the court to withdraw as counsel for defendants Harry Heggar, Jerry Leyshock, Charles Johnson, Brian Dolan, Ronald Henderson, and the St. Louis Police Department. Attorney Bart A. Matanic timely entered his appearance for these defendants. Mr. Goeddel and Ms. Hageman never moved to withdraw as counsel for defendant City of St. Louis and wish to remain counsel for the City of St. Louis. Apparently, a clerical error was made. Accordingly, the record should be corrected to reflect that Mr. Goeddel and Ms. Hageman remain counsel of record for defendant City of St. Louis only.

Based upon the foregoing,

IT IS ORDERED:

(1) Defendants City of St. Louis Police Department, Brian Dolan, Charles Johnson, Jerry Leyshock, Harry Heggar and Ronald Henderson motion for reconsideration (Doc. 162 ) is denied.

(2) Thomas J. Goeddel's and Patricia A. Hageman's motion to reconsider (Doc. 164) is granted. Thomas J. Goeddel and Patricia A. Hageman remain counsel of record for defendant City of St. Louis only.

Dated this 29th day of May, 2007.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JIM WOODWARD, CLERK

BY:_____
          DEPUTY
     (SEAL)