UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

*******************************************************************

| | | |
|---|---|---|
| GERALD R. CARROLL, | * | 4:00-CV-864 |
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER |
| MICHAEL SISCO, et al., | * | |
| Defendants. | * | |

*******************************************************************

Plaintiff is a prisoner at the federal penitentiary in Greenville, Illinois. He instituted this action pursuant to 42 U.S.C. § 1983 and § 1985, seeking damages for alleged constitutional violations in conjunction with his arrest on July 20, 1998, for an armed bank robbery in St. Louis, Missouri.

I previously outlined plaintiff's claims, Doc. 121. Plaintiff alleges in his amended complaint (1) that the officers effecting his arrest used excessive force, causing him pain, physical injury, and emotional distress; (2) that, as a result of the excessive use of force, those officers coerced him to make incriminating statements; (3) that those officers conspired to deprive plaintiff of his constitutional rights by using excessive force, turning in false police reports, and presenting false testimony before the Grand Jury, at the hearing on his motion to suppress, and at trial; (4) that defendants were deliberately indifferent to his serious medical needs; (5) that he was subject to an illegal, one-man lineup at the scene of his arrest in deliberate indifference to his serious medical needs; (6) that he was subject to police interrogation after he requested to speak to an attorney; (7) that the municipal defendants had a pattern and practice of using excessive force; (8) that the supervisory defendants failed to train, supervise, and control the arresting officers; (9) and that the foregoing violated his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

The second amended complaint, Doc. 68, names as defendants three entities and their law enforcement departments and officers: 1) the City of St. Louis, the St. Louis Police Department and its officers Dolan, Johnson, Leyshock, Henderson, and Hegger, 2) University City, its police department, its officer Fischer, and 3) St. Louis County and its officers Sisco, McCann, and Coleman. Defendants have filed motions for summary judgment, Docs. 191 and 193 (St. Louis County defendants), 196 (City of St. Louis), and 203 (University City defendants). Plaintiff has filed a motion to take judicial notice, Doc. 206, and a request for declaratory judgment, Doc. 211. The City of St. Louis individual defendants have not filed a motion for summary judgment.

## DECISION

The summary judgment standard is well known in the Eighth Circuit. "Summary judgment is proper where the evidence, when viewed in the light most favorable to the nonmoving party, indicates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." Nooner v. Norris, ___ F.3d ___, ___, 2010 WL 424439 (8th Cir. 2010) (*citing* Davison v. City of Minneapolis, 490 F.3d 648, 654 (8th Cir.2007) (*quoting* Hughes v. Stottlemyre, 454 F.3d 791, 796 (8th Cir.2006))). The moving party "bears the burden of showing both the absence of a genuine issue of material fact and an entitlement to judgment as a matter of law." Nyari v. Napolitano, 562 F.3d 916, 920 (8th Cir. 2009) (*quoting* Singletary v. Mo. Dep't of Corr., 423 F.3d 886, 890 (8th Cir. 2005)).

The United States Supreme Court has held that:

> The plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "A material fact dispute is genuine if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." Landon v. Northwest Airlines, Inc., 72 F.3d 620, 634 (8th Cir. 1995). "A genuine issue of material fact exists if a reasonable jury could return a verdict for

the party opposing the motion." Humphries v.Pulaski County Special School Dist., 580 F.3d 688, 692 (8th Cir. 2009).

In considering the motion for summary judgment, this Court must view the facts in the light most favorable to plaintiff and give plaintiff the benefit of all reasonable inferences that can be drawn from the facts. Donaho v. FMC Corp., 74 F.3d 894, 897-98 (8th Cir. 1996).

> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. As we have emphasized, when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007) (internal quotations and citations omitted).

## FACTS

Plaintiff's only cognizable claims arise out of his arrest. Therefore, any factual disputes as to the circumstances preceding his arrest are not material. They serve as background only.

A credit union located in the municipality of University City, St. Louis County, Missouri, was robbed at gunpoint on July 30, 1998. The suspects fled the scene in a Honda. St. Louis County officer Keith Coleman ("Coleman") was in the vicinity when he received a radio dispatch of a description of the robbers and the Honda. He pursued a vehicle matching the description of the Honda. The occupants of the vehicle matched the description of the robbers. He called in the license plate number which came back registered to plaintiff's brother, Kevin Carroll.

County officer Michael Sisco ("Sisco") responded to a call for assistance and joined in the high speed chase. The chase ended in an alley in the City of St. Louis. Both the driver and the passenger fled the vehicle and the pursuit continued on foot. The passenger was observed

exiting the vehicle with a bag in one hand and a pistol in the other. Coleman and Sisco pursued the passenger in a running shoot out. The officers lost track of the passenger for approximately seven minutes. County officer Michael McCann ("McCann") came into contact with Coleman and Sisco who gave McCann a description of the fleeing robbery suspect. The officers split up to try to locate the suspect.

A resident in the area told Sisco that a man was hiding in the resident's stairwell. The resident gave St. Louis City Police Officer Brian Dolan ("Dolan") a key to the gangway leading to the stairwell where the robbery suspect was hiding. Sisco, Dolan, and McCann proceeded down the stairwell toward the suspect, instructing him to show his hands. The man arrested in the stairwell was plaintiff, Gerald Carroll.

The facts surrounding the arrest are in dispute. Defendants claim that Sisco was able to handcuff one of plaintiff's wrists but plaintiff resisted arrest, flailing his arms, trying to strike the officers and flee the scene. Plaintiff denies that he was resisting arrest. As shall be seen later, a judicial finding that plaintiff did resist arrest was made in the underlying criminal matter and I am bound by that finding.

There is no genuine issue of material fact that McCann sprayed pepper mace in plaintiff's face and Sisco struck plaintiff in the face. Sisco claims he did so only once while plaintiff contends he was struck multiple times. Plaintiff was thereafter subdued and cuffed. Following plaintiff's arrest, Sisco escorted plaintiff from the stairwell and turned him over to the custody of the St. Louis City Police, who placed ("threw," according to plaintiff) him in the St. Louis City Police Department's conveyance van.

Plaintiff was arrested at approximately 10:00 a.m. The officers kept plaintiff in the police van while they secured the scene. They needed to locate the gun and the other robbery suspect was still at large, presumably in the area. During the time that plaintiff was secured in the police van, University City police officers transported three witnesses to the robbery from the credit union to the scene of plaintiff's arrest. A "street side show-up" was conducted and each witness identified plaintiff as one of the robbers.

Sometime between 11:30 a.m. and 12:00 noon, plaintiff was transported from the scene of the arrest by the St. Louis City Police and taken to the Normandy Medical Center to receive

4

treatment for the pepper mace sprayed in his face and an alleged broken nose. He was subsequently released and transported to a St. Louis City jail.

## I. Claims Challenging the Validity of Plaintiff's Criminal Conviction.

The United States Supreme Court held in Heck v. Humphrey:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372-73, 129 L. Ed. 2d 383 (1994) (footnotes omitted).

Plaintiff's conviction is final. Plaintiff's claims that one or more defendants (1) coerced him to make incriminating statements, (2) turned in false police reports, (3) presented false testimony before the Grand Jury, at the hearing on his motion to suppress, and at trial, (4) subjected him to an illegal, one-man lineup at the scene of his arrest, and (5) subjected him to police interrogation after he requested to speak to an attorney must all be dismissed under Heck v. Humphrey. A judgment in favor of the plaintiff as to any one of these claims would necessarily imply the invalidity of his conviction for armed robbery. Summary judgment is appropriate in favor of all defendants on these claims.

## II. Claims against the City of St. Louis.

Mo. Rev. St. § 84.020 establishes a board of police for the City of St. Louis. *See* Thomas v. St. Louis Bd. of Police Com'rs, 447 F.3d 1082, 1087 fn 8 (8th Cir. 2006) ("The St. Louis

Board, along with the Kansas City Board, was established pursuant to legislation that was a direct state response to perceived problems of political corruption of the police forces in St. Louis and Kansas City"). Members of the police force of the City of St. Louis are officers of the state. Mo. Rev. St. § 84.330. The City of St. Louis and its officials are prohibited from exercising authority or control over the Board or the Police Department. Smith v. State, 152 S.W.3d 275, 278 (Mo. 2005); Mo. Rev. St. 84.010.

Missouri law "indicates that neither the City nor its agents possess the authority to make official policy concerning the actions of the Board of Police Commissioners or individual police officers. Therefore, the City cannot, as a matter of law, be liable under section 1983 as an official policy maker responsible for approving or condoning the actions of the police officers who allegedly beat the plaintiff." Crigler v. City of St. Louis, Mo., 767 F.Supp. 197, 200 (E.D. Mo. 1991). Further, § 1983 claims "based upon an alleged failure properly to train, monitor, or supervise St. Louis police officers; on a 'widespread or pervasive custom of the St. Louis Metropolitan Police Department to conspire with' [the other defendants] to misuse police authority" must be dismissed. Ford v. St. Louis Metropolitan Towing, L.C., ___ F.Supp.3d ___, ___, 2010 WL 618491 at 18 (E.D. Mo. 2010) (Thomas C. Mummert, III, United States Magistrate Judge).

Defendant City of St. Louis is entitled to summary judgment as to all plaintiff's claims. Plaintiff's claims against the St. Louis Police Department and its officers Dolan, Johnson, Leyshock, Henderson, and Hegger still remain. Those parties have not sought summary judgment.

### III. Collateral Estoppel.

Defendants contend that plaintiff is collaterally estopped from litigating whether he was subject to excessive force at the time of his arrest. "Collateral estoppel, or issue preclusion, precludes relitigation of identical issues of fact." Wedow v. City of Kansas City, Mo., 442 F.3d 661, 669 (8th Cir. 2006). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). The Supreme Court "has eliminated the requirement

6

of mutuality in applying collateral estoppel to bar relitigation of issues decided earlier in federal-court suits and has allowed a litigant who was not a party to a federal case to use collateral estoppel "offensively" in a new federal suit against the party who lost on the decided issue in the first case." Allen v. McCurry, 449 U.S. at 94-95, 101 S.Ct. at 415. Since plaintiff was a party to his earlier criminal action, collateral estoppel would bar relitigation of any facts that plaintiff had a "full and fair opportunity" to litigate in the earlier case. Allen v. McCurry, 449 U.S. at 95, 101 S.Ct. at 415.

Under federal law, collateral estoppel "applies when (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." Epperson v. Entertainment Express, Inc., 242 F.3d 100, 108 (2nd Cir. 2001).

During his criminal action, plaintiff sought to suppress a statement he made at the time of his arrest, contending that the statement was involuntary and a result of the excessive use of force. The motion to suppress was denied. The district court's admission of the evidence was affirmed on appeal by the Eighth Circuit, which held:

> While the police did use physical force against Carroll, and spray him with mace, facts that would favor him in the voluntariness analysis, the District Court, consistent with the evidence, determined that the police were only acting in response to Carroll's attempt to resist arrest. This is not a case where the police beat a confession out of a defendant, but rather a situation where the police were required to use force to subdue a fighting suspect, and then, after the suspect was under control, asked him where they could find his gun. There is no evidence in the record to suggest that Carroll answered because he feared the police would use further force against him. Carroll's statement was properly admitted.

United States v. Carroll, 207 F.3d at 472.

Whether plaintiff resisted arrest was central to the determination of whether his statement was coerced by the use of unlawful force or was voluntary. The last three Epperson elements for collateral estoppel are met. The first element is not. As I previously held, for the purposes of a § 1983 excessive force claim, the issue is whether the force employed by the defendants in arresting the plaintiff was "objectively unreasonable under the particular

7

circumstances" in violation of the Fourth Amendment. Crumley v. City of St. Paul, 324 F.3d 1003, 1007 (8th Cir. 2003). For the purposes of a Fifth Amendment challenge to the voluntariness of a statement, the issue "is whether the confession was extracted by threats, violence, or direct or implied promises, such that the defendant's will was overborne and his capacity for self-determination critically impaired." United States v. Astello, 241 F.3d 965, 967 (8th Cir. 2003). Whether excessive force was used to effectuate the plaintiff's arrest was not essential to the trial court's denial of plaintiff's motion to suppress. *See,* Donovan v. Thames, 105 F.3d 291, 298 (6th Cir. 1997). The claim that excessive force was used is therefore not precluded by estoppel.

Nonetheless, the fact that plaintiff did resist arrest was essential to the finding in the criminal action that his statement was voluntary. Plaintiff litigated that fact in the underlying criminal matter. Plaintiff is collaterally estopped from relitigating the fact that he resisted arrest.

## VI. Deliberate Indifference.

In order to prevail on his deliberate indifference claim, plaintiff must demonstrate that he had an objectively serious medical need that was "either obvious to the layperson or supported by medical evidence, like a physician's diagnosis." Grayson v. Ross, 454 F.3d 802, 809 (8th Cir. 2006) (*quoting* Aswegan v. Henry, 49 F.3d 461, 464 (8th Cir. 1995)). "[T]he objective seriousness of the deprivation should . . . be measured 'by reference to the effect of delay in treatment.'" Laughlin v. Schriro, 430 F.3d 927, 929 (8th Cir. 2005) (*quoting* Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995)). In order to prevail upon his claim that defendants violated his constitutional rights by delaying medical care until after witnesses were brought to the scene of his arrest for a line up, plaintiff "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997).

### A. Defendants St. Louis County, Sisco, Coleman, McCann.

Plaintiff does not specifically allege that the St. Louis County defendants were deliberately indifferent to his serious medical needs. There is no genuine issue of material fact that, immediately after he was arrested, plaintiff was turned over to the custody of the St. Louis police. Plaintiff cannot prevail on any claim that St. Louis County or its officers were

deliberately indifferent to the alleged injuries he sustained at the time of his arrest because he was not in the custody of St. Louis County after his arrest. The St. Louis County defendants' motion for summary judgment as to plaintiff's deliberate indifference claims should be granted.

**B. Defendants University City, University City Police Department, Fischer, Police Chief.**

There is no genuine issue of material fact that plaintiff was never in the custody of the University City police. Plaintiff cannot prevail on any claim that University City or its officers were deliberately indifferent to the alleged injuries he sustained at the time of his arrest. The University City defendants' motion for summary judgment as to plaintiff's deliberate indifference claims should be granted.

**V. Excessive Force.**

"The right to be free from excessive force is a clearly established right under the Fourth Amendment's prohibition against unreasonable seizures of the person." Guite v. Wright, 147 F.3d 747, 750 (8th Cir. 1998).

> "Not every push or shove . . . violates the Fourth Amendment," but force is excessive when the officers' actions are not "objectively reasonable in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 396-97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (internal quotation marks and citations omitted); *see Kukla v. Hulm*, 310 F.3d 1046, 1050 (8th Cir. 2002). Objective reasonableness depends on the facts and circumstances of the case, "'including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Mann v. Yarnell*, 497 F.3d 822, 825-26 (8th Cir. 2007) (*quoting Graham*, 490 U.S. at 394, 109 S.Ct. 1865). "A court may also evaluate the extent of the suspect's injuries." *Mann*, 497 F.3d at 826.

Rohrbough v. Hall, 586 F.3d 582, 585-586 (8th Cir. 2009).

The only officers involved in the plaintiff's arrest were employed by St. Louis County. Therefore, to the extent that plaintiff alleges excessive force arising out of his arrest, only his claims against the St. Louis County defendants can proceed. However, the Ninth Circuit has suggested that failure to alleviate the harmful effects of pepper spray once an arrestee is under control may constitute excessive use of force. LaLonde v. County of Riverside, 204 F.3d 947,

9

961 (9th Cir. 2000). Plaintiff has alleged that his eyes continued to burn after he was arrested and he was not offered medical care to alleviate that pain. Therefore, he has alleged an excessive force claim against the City of St. Louis defendants, whose custody he was in following his arrest.

There is no genuine issue of material fact that the St. Louis County defendants were pursuing an armed robber who had fired shots at them while fleeing, that they located plaintiff in a stairwell in the vicinity where the suspect was last seen, that they recognized plaintiff as one of the fleeing suspects who had shot at them, that they attempted to arrest plaintiff, that he resisted, and that the St. Louis County defendants sprayed pepper mace in plaintiff's eyes and hit him in the face. The only issue is whether, as a matter of law, the St. Louis County defendants' actions constituted <u>excessive</u> force under the circumstances.

Neither party offered plaintiff's medical records from Normandy Medical Center to show whether plaintiff did suffer a broken nose as alleged or whether he was still suffering the effects of pepper spray (because defendants did not attempt to wash the spray from his eyes or face after his arrest). Plaintiff is incarcerated and unable to obtain those records on his own. He has claimed that he provided medical waivers to all defendants to enable the defendants to obtain those records. None of the defendants filed those records in support of their motions for summary judgment on plaintiff's excessive force and deliberate indifference claims. They are not required to do so. Nonetheless, failure to do so leaves the Court with no alternative than to find that there still exists a genuine issue of material fact whether plaintiff did suffer the injuries he alleges and whether the force was excessive.

## VI. Conspiracy.

Plaintiff alleges that the defendants conspired to violate his Constitutional rights. "In order to show a civil rights conspiracy under 42 U.S.C. § 1985(3), [plaintiff] must prove:"

> (1) the defendants conspired,
> (2) with the intent to deprive [him], either directly or indirectly, of equal protection of the laws, or equal privileges and immunities under the laws,
> (3) an act in furtherance of the conspiracy, and
> (4) that [plaintiff or his] property were injured, or [he was] deprived of exercising any right or privilege of a citizen of the United States.

Barstad v. Murray County, 420 F.3d 880, 887 (8th Cir. 2005). "In order to succeed in a civil rights conspiracy claim under § 1985, a plaintiff must provide some facts suggesting a mutual understanding between defendants to commit unconstitutional acts." Kurtz v. City of Shrewsbury, 245 F.3d 753, 758 (8th Cir. 2001). The officers of each entity defendant act as a single person in the eyes of the law and a government entity cannot conspire with itself. Habbab v. Hon, 536 F.3d 963, 969 (8th Cir. 2008); Barstad v. Murray County, 420 F. 3d at 887. Therefore, plaintiff's conspiracy claims can proceed only if officers from more than one law enforcement agency are alleged to have conspired.

Plaintiff has alleged that the St. Louis County defendants and the St. Louis police defendants conspired to use excessive force against him during his arrest and in failing to alleviate the effects of pepper spray following his arrest. Genuine issues of material fact exist as to whether defendants did use excessive force and, if so, conspired to do so.

Plaintiff has further alleged that these defendants conspired to act in deliberate indifference to his serious medical needs following his arrest. As set forth previously, only the St. Louis police department defendants had custody of plaintiff following his arrest. Those defendants act as a single entity and a conspiracy claim cannot proceed against them.

**VII. Qualified Immunity.**

"'[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wallingford v. Olson, 592 F.3d 888, 891 (8th Cir. 2010) (*quoting* Winters v. Adams, 254 F.3d 758, 766 (8th Cir.2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982))).

> The party asserting immunity always has the burden to establish the relevant predicate facts, and at the summary judgment stage, the nonmoving party is given the benefit of all reasonable inferences. In determining whether an officer is entitled to qualified immunity, we ask (1) whether, taking the facts in the light most favorable to the injured party, the alleged facts demonstrate that the official's conduct violated a constitutional right; and (2) whether the asserted constitutional right is clearly established. We may address either question first. If either question is answered in the negative, the public official is entitled to qualified immunity. To determine whether a right is clearly established we

ask whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.

Wallingford v. Olson, 592 F.3d at 892 (internal citations and quotations omitted).

Plaintiff has alleged that defendants used excessive force in effecting his arrest and were deliberately indifferent to his serious medical needs following his arrest. Defendants cannot contend that the right to be free from excessive force and deliberate indifference to serious medical needs was not clearly established at the time of plaintiff's arrest. I have already determined that genuine issues of material fact preclude summary judgment as to those claims against the St. Louis County defendants and the City of St. Louis defendants. "Since the surrounding factual circumstances are in dispute, material questions of fact prevent granting summary judgment on the basis of qualified immunity." Nance v. Sammis, 586 F.3d 604, 611 (8th Cir. 2009).

### VIII. Request for Judicial Notice.

Plaintiff filed a motion requesting this Court to take judicial notice of the fact that he suffered a broken nose as a result of the force used during his arrest on July 30, 1998. Pursuant to Fed. R. Evid. 201(b), this Court can take judicial notice of a fact "that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

The extent of plaintiff's injuries arising out of his arrest is a fact that is important in the analysis of whether defendants used excessive force in effecting the plaintiff's arrest and in the analysis of whether defendants were deliberately indifferent to plaintiff's serious medical needs in delaying medical care for one and one half hours after the arrest. No post-arrest medical records were put in the record by any party to this action. Without such records, whether plaintiff's nose was in fact broken is not capable of accurate and ready determination. The medical records plaintiff submitted do not support any conclusion that plaintiff suffered any injury on July 30, 1998. Judicial notice is not appropriate in this case.

### IX. Request for Declaratory Judgment.

Plaintiff filed a request for a declaratory judgment and injunctive relief. He requests declarations that he was not accorded a full and fair opportunity to habeas review, that the

validity of the Eighth Circuit's decision affirming his conviction is in question, that his criminal conviction is not final, that the decisions denying him habeas relief were in error, that the various courts reviewing his conviction and sentence erred, and that his Constitutional rights were violated in conjunction with his conviction. Plaintiff's conviction is final. Plaintiff cannot challenge his criminal conviction by way of a declaratory judgment action. The appropriate means to challenge federal court convictions and sentences is 28 U.S.C. § 2255, *see* <u>United States v. Noske</u>, 235 F.3d 405, 406 (8th Cir. 2000). Plaintiff is not entitled to challenge his conviction by means of a declaratory judgment action.

## CONCLUSION

As set forth above, defendant City of St. Louis is entitled to summary judgment as to all claims. The remaining defendants are entitled to summary judgment as to claims that defendants (1) coerced him to make incriminating statements. (2) turned in false police reports, (3) presented false testimony before the Grand Jury, at the hearing on his motion to suppress, and at trial (4) subjected him to an illegal, one-man lineup at the scene of his arrest; and (5) subjected him to police interrogation after he requested to speak to an attorney. The only claims remaining are 1) the claims against the St. Louis County defendants that those defendants used excessive force in effecting the arrest of plaintiff on July 30, 1998, 2) the claims against the St. Louis police defendants that they used excessive force in failing to alleviate the effects of pepper mace and in acting in deliberate indifference to plaintiff's serious medical needs, and 3) that the St. Louis County defendants and the St. Louis police defendants conspired to violate plaintiff's rights.

## ORDER

Based upon the foregoing,

IT IS ORDERED:

1. The City of St. Louis' motion, Doc. 196, for summary judgment is granted. All claims against the City of St. Louis are dismissed.

2. The University City's motion, Doc. 203, for summary judgment is granted. All claims against University City and its officers are dismissed.

3. The St. Louis County defendant's motions, Docs. 190 and 193, are granted in part and denied in part as set forth above.

13

4. The plaintiff's motion, Doc. 206, to take judicial notice is denied.

5. Plaintiff's request, Doc. 211, for a declaratory judgment is denied.

Dated this 16th day of March, 2010.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk

BY:_____
                     DEPUTY
(SEAL)