UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

*******************************************************************

| | | |
|---|---|---|
| GERALD R. CARROLL, | * | 4:00-CV-00864-UNA |
| Plaintiff, | * | |
| | * | MEMORANDUM OPINION |
| -vs- | * | AND ORDER |
| | * | |
| BRIAN DOLAN, JERRY LEYSHOCK, CHARLES JOHNSON, St. Louis City Police Officers and Detectives in their Official and Individual Capacities, and CITY OF ST. LOUIS POLICE DEPARTMENT[1], | * | |
| Defendants. | * | |

*******************************************************************

Plaintiff, a prisoner at the United States Penitentiary in Greenville, Illinois, instituted this action pursuant to 42 U.S.C. §§ 1983 and 1985, seeking damages for alleged constitutional violations in conjunction with his arrest on July 30, 1998, for armed robbery. Plaintiff was subsequently convicted of that crime and his conviction was affirmed on appeal. United States v. Carroll, 207 F.3d 465 (8th Cir. 2000).

In the order of July 3, 2012, (Doc. # 283) this court affirmed its prior grants of summary judgment against nearly all of plaintiff's claims. This court did, however, request that the City of St. Louis Police Department ("the Department") provide plaintiff with information on complaints involving allegations of prolonged pepper spray exposure. Plaintiff's only remaining claims come from the allegation that defendants Dolan, Leyshock and Johnson used excessive force, in deprivation of plaintiff's rights per 42 U.S.C. § 1983, by prolonging his exposure to pepper spray incident to his arrest, and that the Department's custom permitted such exposure.

---

[1]The caption is amended to reflect the dismissal of parties as provided in Docs. # 90, 226, 263, and 283.

In response to this order, defendants Dolan, Leyshock and Johnson filed a motion to dismiss the complaint for failure to state a claim for which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants assert: (1) plaintiff's claims against defendants in their official capacities are barred by sovereign immunity; (2) that plaintiff's only remaining claim (contrary to this court's interpretation) is for deliberate indifference to plaintiff's serious medical needs and plaintiff has not alleged sufficient facts to support the claim; and (3) even if the remaining claim stands, defendants are entitled to qualified immunity.

Plaintiff responded by asking the court to reconsider its decision denying plaintiff's claim that the Department's policies were responsible for his alleged mistreatment. Plaintiff also seeks leave to amend his complaint for a fourth time, so that he may modify his statement of claims. Defendants responded to the motion to amend by asserting the motion as proof that plaintiff acknowledges he does not allege facts in the amended complaint sufficient to survive a Rule 12(b)(6) motion to dismiss. Defendants argue that plaintiff "should not be allowed at such a late stage to amend" the complaint.

Defendants' Rule 12(b)(6) motion "must be made before pleading if a responsive pleading is allowed" in order to be valid. FED. R. CIV. P. 12(b). Defendants filed their answer to plaintiff's complaint on January 10, 2001. While plaintiff's Second Amended Complaint was filed in November 2001, the court noted in docketing the complaint that "predicate factual allegations and theories for relief upon which Plaintiff bases his claims have not changed." Order, Doc. 66 st 1–2. Thus, defendants' answer of January 10, 2001, was a sufficient response to the Second Amended Complaint, further evidenced by defendants' decision not to file another answer within the allotted timeframe. The time to file a responsive pleading has long since passed. *See* FED. R. CIV. P. 12(a)(1)(A)(1) ("A defendant must serve an answer within 21 days after being served with the summons and complaint."). Since defendants filed this Rule 12(b)(6) motion to dismiss nearly eleven years after filing their responsive pleading, the motion is procedurally improper per Rule 12(b) and should be denied.

While this should normally end the inquiry on defendants' motion, defendants' counsel made serious errors in his argument that this court will address in order to forestall any future "reconsideration" and expedite an already prolonged pretrial phase. Defendants contend that,

2

contrary to the findings of the court, plaintiff's only remaining claim is for deliberate indifference to plaintiff's serious medical needs. Specifically, defendants state that plaintiff's only remaining allegations are that defendants "knew or should have known" that plaintiff "was in need of serious medical treatment," that "an ambulance came to the scene to take plaintiff to the hospital," and that "plaintiff was denied proper medical treatment, because the ambulance was turned away." Defendants' counsel then argues that these facts which plaintiff alleged, when taken in a light most favorable to the plaintiff, were nevertheless insufficient for a reasonable factfinder. If defendants' counsel would have merely read my Order of September 30, 2011, he would have known that I granted defendants' motion for summary judgment on this theory and in consideration of the same alleged facts. Order, Doc. 263 at 14–17.

Counsel otherwise contends that plaintiff does not claim anywhere in his Second Amended Complaint that defendants used excessive force upon his person in the form of prolonged exposure to pepper spray. This, the court found, is the sole remaining theory that plaintiff can assert for his two remaining claims. Defendants' counsel dismisses this theory as "regarding a warm cup of water."

Pro se complaints must be "liberally construed" by the courts. Estelle v. Gamble, 429 U.S. 97, 106 (1976). In practice, this means that the "only requirement is that sufficient facts are alleged to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). Under the heading "EXCESSIVE FORCE," plaintiff states that he was "in extreme pain from the brutal beating and pepper mace spray, which was caused by the intentional infliction of excessive force." Second Am. Compl., Doc. 68, ¶ 28. While it is true that plaintiff organized factual averments supporting this excessive force theory under the heading "DENIAL OF MEDICAL CARE" and not "EXCESSIVE FORCE" (specifically paragraphs 41 through 46), such alleged facts provide sufficient plausibility for the theory. The plaintiff alleges in these paragraphs that he was exposed to pepper spray for over an hour while in defendants' secure custody. This court does not need to construe plaintiff's complaint too liberally to find an alleged factual basis for the excessive force claim.

Defendants are correct that plaintiff's assertion that Officer Leyshock administered a cup of warm water to plaintiff's eyes was made outside of the pleadings. However, that assertion is

not necessary to find that plaintiff may have been exposed to pepper spray for such a length of time and under such conditions that it violated his constitutional rights. *See* LaLonde v. Cnty. of Riverside, 204 F.3d 947, 961 (9th Cir. 2000) ("[A]ny reasonable officer would know that a continued use of the [pepper spray] or a refusal without cause to alleviate its harmful effects constitutes excessive force."). Plaintiff made a sufficient assertion of fact on this point in paragraph 41. Defendants are advised that this argument, if renewed, will be summarily denied.

Also troubling is counsel's decision to renew defendants' argument for qualified immunity. This court was fully briefed on defendants' claimed qualified immunity as a basis for summary judgment and denied all of these arguments in its Order of July 3, 2012. Defendants nevertheless renew this motion on the same theory using a mere summary of its prior arguments *in the face of an even more nonmovant-friendly burden of proof. Compare* Herring v. Can. Life Assurance Co., 207 F.3d 1026, 1029 (8th Cir. 2000) (noting that summary judgment requires the nonmoving party to assert "specific facts showing that there is a genuine issue for trial") *with* Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (providing that to survive a motion to dismiss, plaintiff need only show "that success on the merits is more than a 'sheer possibility'" and that the complaint may proceed even if a judge finds that "actual proof of the facts alleged is improbable" (internal citation omitted)). Defendants are advised that if they again renew this argument, since it was already denied in dealing with the motion for summary judgment, it will be summarily denied.

On plaintiff's motion for reconsideration, seeing no new arguments that any reasonable factfinder could construe the Department policies quoted by plaintiff as causing defendants to inflict the constitutional injury plaintiff allegedly sustained and noting plaintiff failed to heed this court's repeated warning about filing frivolous motions to reconsider, plaintiff's motion to reconsider should be denied.

Plaintiff seeks to amend his complaint a fourth time. This proposed amendment appears to only modify the "STATEMENT OF CLAIMS" section of the Second Amended Complaint. The proposed amendment would modify "COUNT I" regarding excessive force to specifically enumerate the remaining theory of excessive force which, as noted above, was not concisely enumerated in the Second Amended Complaint. Plaintiff seeks to amend "COUNT II" to

eliminate any reference to conspiracy and vicarious liability, replacing it with a claim of excessive force against defendant Leyshock whom plaintiff alleges exacerbated his pepper spray exposure by washing plaintiff's face with warm water. Plaintiff wants to change "COUNT III" by making it a conspiracy claim to use excessive force and deny plaintiff medical care, replacing the existing deliberate indifference to serious medical needs claim. Plaintiff seeks to rewrite "COUNT IV" by asserting deliberate indifference to his serious medical needs, specifically "a Broken Nose, and Exacerbated and Proplonged [sic] Exposure to Pepper Spray." Plaintiff then inserted his existing policy and custom claim, supervisory liability claim, municipal liability claim and 42 U.S.C. § 1985 claim without substantial amendments. Plaintiff rounded out the proposed amendments by alleging additional Missouri state law tort claims of assault and battery, vicarious liability for assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. Interestingly, plaintiff ends his "statement of claims" by laying out the express statutory waivers of Missouri's sovereign immunity. Defendants, in response, give a history of the plaintiff's requests to amend the complaint. Defendants also allege that plaintiff's proposed amendment shows that plaintiff recognizes the merit of defendants arguments by these efforts to remedy the specific claims attacked by defendant. In this way, defendants believe plaintiff is trying to "frustrate and delay this Court's ability to rule" on defendants' motion.

  Leave to amend a complaint should be granted freely "when justice so requires." FED. R. CIV. P. 15(a). "However, futility constitutes a valid reason for denial of a motion to amend." Knapp v. Hanson, 183 F.3d 786, 790 (8th Cir. 1999); *see also* Foman v. Davis, 371 U.S. 178, 182 (1962) (stating that courts may deny motions to amend the pleadings where amending results in "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment"). As noted above, the only remaining claim of excessive force challenged by defendants—that force allegedly used by the individual officers—survives facial scrutiny as written in the Second Amended Complaint and does not require further modification. Plaintiff's attempted modifications to counts one through four fall into this category. These amendments are clearly futile.

Plaintiff's other proposed substantive amendments—the state tort claims—are all futile because the statute of limitations has long since run on these claims. The cause of action for intentional torts in Missouri accrues "when the damage resulting therefrom is sustained and capable of ascertainment," and is an objective determination. Sheehan v. Sheehan, 901 S.W.2d 57, 58–59 (Mo. 1995); *see also* MO. REV. STAT. § 516.100. In negligence cases, the cause of action accrues when there is a breach of a duty owing to the plaintiff resulting in injury. Nichols v. Blake, 418 S.W.2d 188, 191 (Mo. 1967). Objectively speaking, a reasonable person would have ascertained the physical damage and mental anguish resulting from defendants' alleged acts around the time of the acts. Thus, it has been around fourteen years since these intentional and negligent state tort actions accrued. The statute of limitations for an assault and battery claim is two years. MO. REV. STAT. § 516.140. The statute of limitations for intentional and negligent infliction of emotional distress is likely subject to the general five-year limitation on actions for injury to the person not otherwise provided for. MO. REV. STAT. § 516.120(4). Because these claims are clearly time barred, this portion of plaintiff's amended complaint would not survive a motion to dismiss from defendants. Thus, granting plaintiff leave to amend would be futile. *See* U.S. ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 558–59 (8th Cir. 2006). Accordingly, all substantive amendments plaintiff seeks to make to his complaint are futile. Plaintiff's motion to amend should be denied.

Defendants Dolan, Johnson and Leyshock repeatedly make reference to themselves as "remaining defendants" in their most recent filings. That is incorrect. I must reiterate the outstanding discovery issue noted in my Opinion of July 3, 2012 (Doc. # 283), to which the Department has not yet responded—namely, that the Department provide statistics, in a similar manner as provided in Doc. # 235, Ex. B, on the complaints of excessive force resulting from alleged prolonged exposure to pepper spray between 1990 and 2000, the outcomes of those complaints, and the disciplinary action taken, if any, associated with those complaints. Defendants should be ordered to comply promptly.

Based upon the foregoing,

IT IS ORDERED:

1. The motion of defendants Brian Dolan, Charles Johnson, and Jerry Leyshock to dismiss (Doc. # 284) is denied.

2. Plaintiff's motion to reconsider (Doc. # 286) is denied.

3. Plaintiff's motion for leave to file an amended complaint (Doc. # 287) is denied.

4. Plaintiff's motion to amend his Second Amended Complaint (Doc. # 289) is denied.

5. Defendant City of St. Louis Police Department shall, by on or before October 15, 2012, provide statistics to the plaintiff on the complaints of excessive force resulting from alleged prolonged exposure to pepper spray between 1990 and 2000, the outcomes of those complaints, and the disciplinary action taken, if any, associated with those complaints.

Dated this 28th day of September, 2012.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge