UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| GERALD R. CARROLL, | \* | 4:00-CV-00864-UNA |
| | \* | |
| Plaintiff, | \* | |
| | \* | MEMORANDUM OPINION |
| -vs- | \* | AND ORDER |
| | \* | |
| | \* | |
| BRIAN DOLAN, JERRY LEYSHOCK, | \* | |
| CHARLES JOHNSON, St. Louis City | \* | |
| Police Officers and Detectives in their | \* | |
| Official and Individual Capacities, and CITY | \* | |
| OF ST. LOUIS POLICE DEPARTMENT, | \* | |
| | \* | |
| Defendants. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, a prisoner at the United States Penitentiary in Greenville, Illinois, instituted this action pursuant to 42 U.S.C. §§ 1983 and 1985, seeking damages for alleged constitutional violations in conjunction with his arrest on July 30, 1998, for armed robbery. Plaintiff was subsequently convicted of that crime and his conviction was affirmed on appeal. United States v. Carroll, 207 F.3d 465 (8th Cir. 2000).

Since the court's Order of September 28, 2012, plaintiff brought a motion for the court to appoint counsel to prosecute his claim and a motion seeking leave from the court for a surreply on the issue of whether plaintiff may be permitted to amend his complaint a fourth time. The court has also delivered a memorandum to counsel for defendant St. Louis Police Department ("Department") seeking notice of whether the Department complied with plaintiff's request for discovery to provide him with information on all complaints made against the Department regarding prolonged exposure to pepper spray between the years 1990 and 2000, the outcomes of those complaints, and the disciplinary action taken, if any, associated with those complaints. The Department responded that it received confirmation from its Internal Affairs Division on

October 11, 2012, that no complaints were made against the Department or its officers with
regard to prolonged exposure to pepper spray.

### A.       Request for Court-Appointed Counsel

Plaintiff's requests court-appointed counsel citing his indigent and incarcerated status,
indicating his lack of access to legal resources necessary for his case.  He also states his need to
take the deposition of "remaining defendants" Jerry Leyshock, Brian Dolin, and Charles Johnson,
along with interviews of undefined witnesses who have "information in their possession"
regarding the events in the complaint.  Plaintiff contends that "expert testimony of a medical
nature," and the "training procedures" and "department policies" of the St. Louis Police
Department ("Department") will be necessary to acquire.  He also alleges that because
"testimony will be in sharp conflict" and the need to distinguish his claims associated with his
initial custody from the claims he made associated with his arrest may lead to confusion,
sophisticated counsel is required.  Finally, defendant seeks appointed counsel because of the
"voluminous" exhibits, motions and briefs filed over the last twelve years his claims were
pending trial and his lack of familiarity with proposing jury instructions.

There is no constitutional or statutory right to appointed counsel in a civil case.  Nelson v.
Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984).  However, as noted in
plaintiff's prior request for appointed counsel, "an indigent pro se prison litigant who has met his
burden of showing his complaint not to be frivolous pursuant to 28 U.S.C. § 1915(d) should be
appointed counsel where necessary." Reynolds v. Foree, 771 F.2d 1179, 1181 (8th Cir. 1985)
(per curiam) (codified as amended at 28 U.S.C. § 1915(e)(2)(B).  To find necessity, the district
court "should determine whether the nature of the litigation is such that plaintiff as well as the
court will benefit from the assistance of counsel." Nelson, 728 F.2d at 1005.  Factors that are
relevant to this determination, as plaintiff noted in his motion, include the factual complexity of
the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony,
the ability of the indigent to present his claim and the complexity of the legal issues. Johnson v.
Williams, 788 F.2d 1319, 1322–23 (8th Cir. 1986).

The court stated in its prior order denying plaintiff's request for appointed counsel that
his claims are not frivolous.  After multiple summary judgment motions, plaintiff has claims

2

remaining (1) against three officers of the Department for excessive force resulting from his alleged prolonged exposure to pepper spray and (2) against the Department alleging they permit and condone a custom where officers engage in excessive force against individuals within their custody by, amongst other acts, prolonging their exposure to pepper spray.

On the other factors, it is clear that plaintiff's claims of excessive force are not complex. Plaintiff must show that the amount of force used by law enforcement after his arrest was "objectively reasonable under the particular circumstances." Brown v. City of Golden Valley, 574 F.3d 491, 496 (8th Cir. 2009). A jury is allowed to determine what constitutes objectively reasonable behavior "by balancing the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Montoya v. City of Flandreau, 669 F.3d 867, 870 (8th Cir. 2012). This standard may seem complicated, but when this standard is focused through the prism of relevant case law and undisputed facts, the factual case plaintiff must make is quite simple. The government had already safely detained plaintiff. The purpose of the pepper spray is to permit law enforcement to control arrestees who are resisting arrest. Plaintiff was safely handcuffed and controlled by law enforcement, and thus, as the Ninth Circuit found in Lalonde v. Cnty. of Riverside, 204 F.3d 947, 961 (9th Cir. 2000), "any reasonable officer would know that a continued use of the [pepper spray] or a refusal without cause to alleviate its harmful effects constitutes excessive force." Thus, plaintiff needs only to prove that defendants did nothing to quickly alleviate his exposure to pepper spray after being secured. Defendant does not need expert testimony on medical matters to prove this. While plaintiff's intake records from Normany Medical Center could have been helpful in those matters, a good faith search for these records turned up nothing. As noted by this court previously, the amount of force applied warrants much more consideration than the injuries sustained in an excessive force analysis. See Wilkins v. Gaddy, 130 S.Ct. 1175, 1178 (2010); Chambers v. Pennycook, 641 F.3d 898, 906 n.2 (8th Cir. 2011).

On his claim against the Department, which initially requires a showing of excessive force by the individual officers, plaintiff must also produce evidence of prior complaints sufficient to demonstrate that the Department deliberately ignored police misconduct in order to succeed. See, e.g., Parrish v. Luckie, 963 F.2d 201, 204–05 (8th Cir. 1992). Plaintiff has

newspaper clippings detailing abuses by the Department and statistics from the Department's Internal Affairs Division. Again, there is no need for expert medical analysis to try these matters.

Plaintiff has received copies of the relevant department polices and procedures which he can choose to admit into evidence. Plaintiff has also received a copy of the police report on the events in question. Plaintiff has not shown any lack of sophisticated arguments or an inability to access and cite relevant federal case law and statutes, as indicated by the ten-year period for discovery and preliminary motions resulting, in part, from plaintiff's meticulous argumentation. With his request to amend the complaint to include state law claims denied, Missouri state legal resources will not avail him and he does not assert that the federal legal resources provided him thus far have been lacking. Plaintiff need not worry about confusing the jury as to the now-dismissed excessive force claim resulting from his arrest—it is the responsibility of counsel for defendants to object to irrelevant lines of questioning when they occur. Finally, plaintiff cites the twelve-year period from filing the complaint to trial and the large number of exhibits, motions and briefs therein, as justification for needing professional legal assistance. As noted above, the factual issues in this case have narrowed considerably. Over that same period of time, plaintiff has developed a body of research on the relevant issues of law and has had time to pour over all of defendants' factual assertions. Additionally, during these past twelve years, plaintiff's lengthy responses to defendants' motions for dismissal and summary judgment and his requests for amending the complaint were clear and detailed, illustrating his ability to investigate the facts and present his claims effectively.

After considering the factual complexity of the case, the ability of plaintiff to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues, the court finds that it is not necessary to appoint counsel for plaintiff.

B.      **Request for Leave to File Surreply Brief**

Pursuant to Local Rule 4.01(C), there are three briefs permitted for a motion: a supporting brief, an opposition brief, and a reply brief, with additional memoranda only permitted with leave of the court. Plaintiff asks the court to consider his surreply brief arguing that individual defendants are not entitled to qualified immunity and that plaintiff should be able to amend his

complaint because his state tort claims "relate back" and thus the amended claims are valid though statute of limitations would otherwise apply to bar the claims. On the former matter, the court found that defendants were not entitled to qualified immunity, and so the surreply is unnecessary in that regard.

Federal Rule of Civil Procedure 15(a)(2) only gives parties the ability to amend their pleadings, after already amending their pleading as a matter of course, with the opposing party's written consent or the court's leave "when justice so requires." Rule 15(c)(1)(B) provides, in relevant part, that amendments relate back to the initial date of the pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." In deciding whether to permit plaintiff to amend and relate back his amendments, the trial court is required to take into account any prejudice that defendant would have suffered as a result. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330–31 (1971).

Regardless of whether plaintiff's amendments properly "relate back" such that his state tort claims are not stale, plaintiff's state tort claims are not permitted because of undue delay in filing the amendment at this late point in the proceedings and because defendant was given multiple chances to amend his complaint previously.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, futility of amendment, etc.,-the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Defendant has amended his complaint two times over the twelve-year pendency of this matter. (Am. Compl., Doc. 7, Oct. 30, 2000; Second Am. Compl., Doc. 68, Nov. 13, 2001). Plaintiff also made another request to amend his complaint to collaterally attack his criminal judgment that was denied. (Order, Doc. 226, Feb. 26, 2010). Plaintiff's request to add these additional claims when he had twelve years to do so, after multiple summary judgment motions were addressed, after plaintiff was permitted multiple

5

amendments, and with extensive discovery having been conducted and closed—would constitute undue delay, a permissible reason for denying plaintiff his request to amend his complaint.  With trial set for January 7, 2013, allowing an amendment that would necessarily reopen much of the discovery would prejudice defendants and would not be in keeping with the rule of justice stated in Rule 15 of the Federal Rules of Civil Procedure.  Mercantile Trust Co. Nat'l Ass'n v. Inland Marine Prods. Corp., 542 F.2d 1010, 1013 (8th Cir. 1976).

Based upon the foregoing,

IT IS ORDERED:

1.  Plaintiff's request for court appointed counsel (Doc. 298) is denied.

2.  Plaintiff's motion for leave to file a surreply on reconsideration of his state law tort claims (Doc. 299) is denied.

Dated this 8th day of November, 2012.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

6